## BERTSCH v BOARD OF ELECTIONS OF SUMMIT COUNTY

Ohio Appeals, 9th Dist, Summit Co

No 2505.   Decided Aug 3, 1934

Leonard M. Bertsch, Akron, in propria persona.

Ray B. Watters, Prosecuting Atty., Akron, and C. B. MacDonald, Asst. Pros. Atty., Akron, for defendant.

## OPINION

PER CURIAM

It clearly appears from the record herein that plaintiff did not comply with the mandatory provision of §4785-137, GC, with reference to the mailing of his absent voter's ballot, which section in part provides as follows:

"* * * The envelope shall be mailed by the voter by registered mail postage prepaid * * *."

Plaintiff not having complied with the statute by mailing his ballot "by registered mail postage prepaid," and the ballot not having been received by the board of elections, we are constrained to the conclusion that plaintiff is placed in the position of not having voted at all at the November, 1932, election; and, the record disclosing further that at the primary elections prior to and subsequent to the November, 1932, election, plaintiff voted as a Republican, we are of the opinion that plaintiff does not come within the category of those persons who may have their names placed upon the ballot as candidates for membership in the Democratic county central committee.

It is further urged by plaintiff that the board of elections has no power, regardless of plaintiff's party affiliations, to reject his candidacy, under the circumstances of this case.

Predicating our conclusion upon the recent pronouncement of the Supreme Court in the case of **Sullivan v State, ex, 125 Oh St 387**, the second syllabus of which reads as follows—

"2. The question is one of political cognizance, and it is the duty of the board of elections to conduct a hearing upon such issue, upon notice to parties interested. By virtue of §4785-78 GC the determination of the board, in the absence of fraud or corruption, is final and is not subject to judicial review."

We hold that this court, in the absence of a showing of fraud or corruption, has no right to review the decisions of the board of elections in determining the party affiliations of candidates for elective offices.

No such showing having been herein claimed or attempted to be made, the petition of plaintiff will be dismissed, at his costs, with exceptions.

FUNK and STEVENS, JJ, concur in judgment.
WASHBURN, PJ, not participating.